Gladys V. Ree v. Commissioner.
Ree v. Commissioner
Docket No. 94820.
United States Tax Court
T.C. Memo 1963-125; 1963 Tax Ct. Memo LEXIS 219; 22 T.C.M. (CCH) 588; T.C.M. (RIA) 63125; May 6, 1963
*219 Gladys V. Ree, pro se, 107 11th St., N.W., Austin, Minn. Robert F. Cunningham, Esq., for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The respondent determined a deficiency of $193 in petitioner's income tax for the taxable year 1957. The only issues for decision are: (1) Whether the second floor of petitioner's dwelling constituted rental property so as to permit the deduction of a loss resulting from its vacancy in the year 1957; and (2) Whether the petitioner is entitled to dependency exemptions for her parents, both of whom resided with her during the year 1957. Findings of Fact The petitioner, a cash basis taxpayer, filed her individual income tax return for 1957 with the district director of internal revenue at St. Paul, Minnesota. In 1952 petitioner acquired a two-family dwelling located in Austin, Minnesota. From 1952 to date the petitioner and her parents resided on the first floor of the dwelling. Beginning in 1954, petitioner's sister occupied the second floor. During 1954 petitioner's sister paid rent of $540 and during the period between January 1, 1956, and August 1956 the sister paid rent totaling $180. In August *220 1956 petitioner's sister moved out of the petitioner's dwelling. Immediately after her sister moved, petitioner put a "For Rent" sign in the window of her house and also put a notice in a neighborhood store that she had an apartment to rent. During 1957 petitioner showed the apartment to numerous applicants, but for one reason or another the apartment was not considered satisfactory by the applicants. As a result, the apartment remained vacant in 1957. During 1957 petitioner incurred expenses in connection with the maintenance of the second floor apartment totaling $368. These expenses were attributable to electricity, taxes, repairs, interest, insurance and depreciation. In 1957 petitioner's parents were each in their early 70's. Petitioner's mother in 1957 received $180 from social security from the United States Government and $479.16 in old-age assistance payments from the State of Minnesota. Petitioner's mother had no other source of income. During 1957 petitioner's father received social security payments from the United States Government totaling $360 and State old-age assistance payments of $281.16. In addition, the State of Minnesota paid certain medical expenses of petitioner's *221 father totaling $85.71. [1]
Petitioner's gross income in 1957 was $1,730.39. In addition to providing her parents with a place to live, petitioner purchased all of their clothes, some of their food, and provided them with a telephone and newspapers. Petitioner estimated that she expended approximately $720 for the support of each of her parents in 1957. Opinion Issue 1 The evidence shows that until August 1956 petitioner had rented the second floor of her dwelling, that immediately after her sister moved petitioner advertised that she had an apartment to rent, and that during the year 1957 several people looked at the apartment but for one reason or another declined to rent it. We believe the evidence is sufficient to establish that the second floor of petitioner's premises constituted property used in a trade or business or used in a transaction entered into for profit. Consequently, we hold that petitioner is entitled to deduct the costs incurred in maintaining the second floor apartment, which in this *222 case totaled $368. Issue 2 Petitioner contends that she furnished more than one-half of the support of each of her parents for the year 1957. Petitioner's father received nontaxable [2] payments in 1957 from the United States Government and the State of Minnesota totaling $726.87. Petitioner undoubtedly provided a substantial amount toward the support of her father. However, in view of her low personal income coupled with the absence of substantial support figures, we do not believe that petitioner's contributions exceeded the amounts received by her father from other sources. Consequently, the petitioner is not entitled to claim an exemption for her father for 1957. Although the issue with respect to petitioner's mother is also close, we are reasonably satisfied that petitioner did furnish more than one-half of her mother's total cost of support for 1957, and we so find as a fact. Decision will be entered under Rule 50. Footnotes
1. The State of Minnesota originally paid $124.21 for medical expenses of petitioner's father. However, the sum of $38.50 was repaid the State by petitioner's father.↩
2. See I.T. 3447, C.B. 1941-1, page 191↩, which provides, in effect, that sundry insurance benefit payments received under the Social Security Act are not subject to Federal income tax.